UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-26-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLINT RAY ALLEN BEGLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of *pro se* Defendant Clint Ray Allen Begley's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 202] Having considered all relevant facts of the case, the Court concludes that a reduction of Begley's sentence is not warranted.[1]

On November 1, 2014, changes became effective in the drug tables used to determine non-binding guideline ranges for incarceration in certain federal drug offenses. 18 U.S.C. § 3582(c)(2). The question presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter does not require a hearing to resolve the defendant's motion. There is no constitutional right to either counsel or a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information available to the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be a unnecessary and a waste of resources.

under 18 U.S.C. § 3553. These factors include, but are not limited to, the need for the sentence imposed to:

> (A) reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for the offense;
>
> (B) afford adequate deterrence to criminal conduct;
>
> (C) protect the public from future crimes of the defendant; and
>
> (D) provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

*See* 18 U.S.C. § 3553(a)(2).

On April 11, 2014, Defendant Begley pleaded guilty to conspiracy to distribute pills containing Oxycodone in violation of 21 U.S.C. § 846. [Record No. 163] He received a sentence of 40 months of incarceration and a three-year term of supervised release. Paragraph 3 of Begley's written plea agreement provides, in pertinent part:

> (a) The Defendant, Clint Ray Allen Begley, admits that he conspired with Michael Jent and others to distribute oxycodone pills from a time period beginning in or about May of 2011 through June of 2013. Oxycodone is a Schedule II controlled substance.
>
> (b) Specifically, the Defendant admits that he traveled with Jent and others to pain clinics in Florida and Georgia to obtain oxycodone pills. During each visit, the Defendant received a prescription for approximately 180 oxycodone 30 mg pills and 90 oxycodone 15 mg pills. A portion of these pills were distributed in Southeastern Kentucky.
>
> (c) Based on the evidence obtained by law enforcement, including the Defendant's own admissions, the United States could prove beyond a reasonable doubt, and the Defendant admits, that he is responsible for distributing approximately 1,675 oxycodone 30 mg pills and 1,340 oxycodone 15 mg pills.

[Record No. 161, pp. 1-2]

At the time of his sentencing, Begley's guideline range for imprisonment was 46 to 57 months, based on a total offense level of 23 and a criminal history category of I. However, as the Court explained during the sentencing hearing, all relevant factors under 18 U.S.C. § 3553 were also considered in arriving at an appropriate sentence. At the request of defense counsel, who evidently anticipated the present circumstances, the Court also considered the potential for a future two-level reduction pursuant to a change in the Guidelines. In consideration of this potential change, the Court advised that a sentence resulting from a serious consideration of the § 3553 factors should not be affected by retroactive changes to the Guidelines.

The 40-month sentence ultimately imposed reflected a downward variance from the guideline range. In fact, the sentence falls within the amended guidelines range (37 to 46 months) that would result from the two-level reduction that Defendant Begley now requests. In arriving at this sentence, the Court cautioned that this was the lowest that should be imposed "in terms of protection of the public, issues of deterrence, and an appropriate sentence that reflects the seriousness of the offense." To go below the term of this sentence "would diminish the seriousness of the offense." This consideration has not changed in light of the new Sentencing Guidelines.

Defendant Begley is a drug trafficker, responsible for a substantial amount of oxycodone distribution in this district. He pleaded guilty to a serious offence. Anything less than the sentence imposed originally would unduly diminish the seriousness of the offense, would not provide sufficient general or specific deterrence, and would not provide proper punishment to the defendant. Finally, the Court notes that the United States Sentencing Guidelines are not binding. While the cost to incarcerate Begley are substantial, that cost is

not a significant factor to consider under 18 U.S.C. § 3553 and it does not overcome the considerations outline above. Accordingly, it is hereby

**ORDERED** that Defendant Begley's motion for a reduction of his sentence [Record No. 202] under 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 12th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge